## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN

EDUARDO RIVERA,
an individual,

               Plaintiff,

    v.

WALMART, INC f/k/a WAL-MART STORES,
INC., an Arkansas Corproation,

         Defendant.

CASE NO.:

**PLAINTIFF DEMANDS
TRIAL BY JURY**

---

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

---

## COMPLAINT

Plaintiff, **EDUARDO RIVERA** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **WALMART, INC f/k/a WAL-MART STORES, INC.** (hereafter referred to as "Walmart," and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1.     This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was injured by a Farberware 7-in-1 programmable

1

pressure cooker (hereafter generally referred to as "pressure cooker(s)") exclusively sold and distributed by. Specifically, the subject programmable pressure cooker is a sublicensed product owned by Defendant Walmart, which Walmart holds out as its own:



*Identification plate of Plaintiff's pressure cooker.*

2.     On or about June 26, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3.     Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like him.

4.     Specifically, said defects manifest themselves when the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to

2

be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case removed the lid while, unbeknownst to him, the pressure cooker still retained pressure, causing him serious and substantial bodily injuries and damages.

5.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF EDUARDO RIVERA

6.      Plaintiff is a resident, citizen and is domiciled in the City of Zeeland, County of Ottawa, State of Michigan. Plaintiff intends to remain in the City of Zeeland, County of Ottawa, State of Michigan indefinitely. Plaintiff therefore is a resident, citizen and is domiciled in the State of Michigan for purposes of diversity pursuant to 28 U.S.C. § 1332.

7.      Plaintiff purchased the subject pressure cooker at his local Walmart.

8.      On or about June 26, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed us of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.  The incident occurred as a result of the failure of the pressure cookers supposed "safety mechanisms," which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

3

**DEFENDANT WALMART, INC f/k/a WAL-MART STORES, INC.,**

9.      Defendant Walmart designs, manufactures, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

10.      Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11.      At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

**JURISDICTION AND VENUE**

12.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Michigan and intentionally availed itself of the markets within Michigan through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15.    Walmart is in engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

16.    Walmart warrants, markets, advertises and sells its Farberware pressure cookers as a means "to take the guesswork out of the most common cooking tasks."[1]

17.    It further boasts that their pressure cookers have a "large locking lid to prevents [sic] the cooker from opening while pressurized,"[2] which purports to keep the user safe while cooking.

18.    For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with "important safeguards" that prevent the lid from unlocking until "the float valve drops down by itself."[3]

19.    By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20.    Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

21.    However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or

---

[1]    https://www.walmart.com/ip/Farberware-Programmable-Digital-Pressure-Cooker-6-Quart/46543314 (last accessed May 15, 2025).

[2] *Id.*

[3] Attached hereto as "Exhibit A" and incorporated by reference is the "Farberware 7-in-1 programmable pressure cooker" Owner's Manual. See, e.g. pgs. 3, 11.

removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

22.     The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

23.     Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

25.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### COMMON LAW NEGLIGENCE

26.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

27.     At all times material hereto, Defendant Walmart owed Plaintiff a duty of reasonable care in the design, testing, manufacture, packaging, labeling, sale and/or placement into the stream of commerce of its pressure cookers.

28.     Defendant Walmart designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject pressure cooker, which was purchased by Plaintiff, in a defective condition unreasonably dangerous to foreseeable users.

29.     The pressure cookers were neither merchantable nor reasonably suited for their intended, anticipated and/or foreseeable uses when they were designed, tested, manufactured, packaged, labeled and sold and/or otherwise placed into the stream of commerce by Defendant Walmart.

30.     The pressure cookers were defective and unreasonably dangerous at the time they left the possession and control of Defendant Walmart and they were expected to, and did, reach Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged. labeled and sold, and/or otherwise placed into the stream of commerce by Defendant Walmart.

31.     At all relevant times, including when the Incident alleged herein occurred, the pressure cookers were used in a reasonable, intended, anticipated and/or foreseeable manner.

32.     Plaintiff neither misused nor materially altered the pressure cooker prior to the incident.

33.     At all times material hereto, Plaintiff exercised due care and was properly handling the pressure cookers in a reasonable, intended, anticipated and/or foreseeable manner.

34.     At all times material hereto, the actions and omissions of Defendant Walmart were negligent, grossly negligent, reckless and/or careless, and Defendant Walmart breached duties owed to Plaintiff by, *inter alia*:

   a. Designing, testing, manufacturing, packaging, labeling and selling the Walmart pressure cookers, including the subject pressure cookers, in a defective, unreasonably dangerous condition due to their ability to be opened under pressure, contrary to the guidelines established by UL 136.

7

b. Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they did not conform to their intended design or specifications;

c. Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they were not suitable for their intended purposes of cooking; and

d. In such other particulars as the evidence may show.

35.     Defendant Walmart knew or should have known about the defective nature of its pressure cookers; yet failed to disclose this knowledge to thousands of consumers, including Plaintiff, which ultimately resulted in her injuries.

36.     By reason of the foregoing, Plaintiff demands judgment against Defendant Walmart for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT II

### NEGLIGENCE
### Mich. Comp. Laws § 600.2947(6)(a)

37.     At all times material hereto, Defendant Walmart owed Plaintiff a duty of reasonable care in the design, testing, manufacture, packaging, labeling, sale and/or placement into the stream of commerce of its pressure cookers.

38.     Defendant Walmart designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject pressure cooker, which was purchased by Plaintiff, in a defective condition unreasonably dangerous to foreseeable users.

39.     The pressure cookers were defective and unreasonably dangerous at the time they left the possession and control of Defendant Walmart and they were expected to, and did, reach

Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged. labeled and sold, and/or otherwise placed into the stream of commerce by Defendant Walmart.

40.    At all relevant times, including when the Incident alleged herein occurred, the pressure cookers were used in a reasonable, intended, anticipated and/or foreseeable manner.

41.    Plaintiff neither misused, nor materially altered the pressure cookers, at any time.

42.    At all times material hereto, Plaintiff exercised due care and was properly handling the pressure cookers in a reasonable, intended, anticipated and/or foreseeable manner.

43.    At all times material hereto, the actions and omissions of Defendant Walmart was negligent, grossly negligent, reckless and/or careless, and Defendant Walmart breached duties owed to Plaintiff by, *inter alia*:

    a.  Designing, testing, manufacturing, packaging, labeling and selling the Walmart pressure cookers, including the subject pressure cookers, in a defective, unreasonably dangerous condition due to their ability to be opened under pressure, contrary to the guidelines established by UL 136;

    b.  Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they did not conform to their intended design or specifications;

    c.  Designing, testing, manufacturing, packaging, labeling and selling the pressure cookers, including the subject pressure cookers, in a condition wherein they were not suitable for their intended purposes of cooking; and

    d.  In such other particulars as the evidence may show.

44.    Defendant Walmart knew or should have known about the defective nature of its pressure cookers; yet failed to disclose this knowledge to hundreds or thousands of consumers, including Justin, which ultimately resulted in his injuries.

45.    By reason of the foregoing, Plaintiff demands judgment against Defendant Walmart for all actual and compensatory damages suffered, together with interest, if applicable, and all

costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## COUNT III

### BREACH OF IMPLIED WARRANTIES
### Mich. Comp. Laws § 600.2947(6)(a)

46.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

47.     Defendant Walmart designed, tested, manufactured, packaged, labeled, sold and/or placed into the stream of commerce the subject pressure cookers, which were purchased by Plaintiff.

48.     The pressure cookers were defective and unreasonably dangerous at the time they left the possession and control of Defendant Walmart, and they were expected to reach, and did reach, Plaintiff in substantially the same condition as they were in at the time they were designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant Walmart.

49.     Defendant Walmart implicitly represented and warranted in its promotional literature, on the product box and in its store that the pressure cookers, including the subject pressure cookers could be safely used to cook.

50.     The ability to open the pressure cookers while still under pressure, despite Defendant Walmart's represents of "safety" and a "locking lid" support breached implied warranties of fitness and merchantability pursuant to Mich. Comp. Laws § 600.2947(6)(a).

51.     Plaintiff's injuries were a direct and proximate result of the breach of implied warranties by Defendant Walmart in that the pressure cookers designed, tested, manufactured, packaged, labeled and sold, and/or otherwise placed into the stream of commerce by Defendant

Walmart because they were able to be opened while still pressurized; contrary to the requirements of UL 136.

52.     By reason of the foregoing, Plaintiff demands judgment against Defendant Walmart for all actual and compensatory damages suffered, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant Walmart for damages, including exemplary damages if applicable, to which she is entitled by law, as well as all costs of this action, and interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

a.  judgment for Plaintiff and against Defendant Walmart;

b.  damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant Walmart's Pressure Cookers;

c.  pre and post judgment interest at the lawful rate;

d.  a trial by jury on all issues of the case; and

e.  for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: May 21, 2025

*/s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq.
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***

12